**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4866**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONTAVIOUS KYREE LYONS,

Defendant - Appellant.

**No. 18-4867**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONTAVIOUS KYREE LYONS,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:18-cr-00052-CCE-2; 1:18-cr-00254-CCE-1)

Submitted: June 20, 2019                                     Decided: June 24, 2019

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

———————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————

Benjamin D. Porter, MORROW PORTER VERMITSKY & TAYLOR, PLLC, Winston-Salem, North Carolina, for Appellant. Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jontavious Kyree Lyons appeals his convictions and 135-month sentence imposed by the district court after he pleaded guilty to three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012). Lyons' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Lyons' plea and whether Lyons' sentence is reasonable. Lyons did not file a pro se supplemental brief despite being notified of his right to do so. The Government moves to dismiss this appeal as barred by the appellate waiver contained within Lyons' plea agreement. We affirm in part and dismiss in part.

Counsel first questions whether the court complied with Rule 11. Lyons' waiver of appellate rights does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). We therefore deny in part the Government's motion to dismiss and review Lyons' challenge to the adequacy of the plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard).

Before accepting a guilty plea, the court must conduct a plea colloquy in which it informs the defendant of, and determines the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea

3

agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the court failed to warn Lyons of the consequences of providing a false statement to the court while under oath and of the possibility of asset forfeiture. *See* Fed. R. Crim. P. 11(b)(1)(A), (J). We conclude that those minor omissions did not affect Lyons' substantial rights. *See Henderson*, 568 U.S. at 272. The district court also ensured that Lyons entered his plea knowingly and voluntarily and that a factual basis supported the plea. *See DeFusco*, 949 F.2d at 116, 119-20.

Turning to Lyons' appeal of his sentence, where, as here, the Government seeks to enforce the appeal waiver and Lyons has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Lyons does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our review of the plea hearing leads us to conclude that the waiver is valid and enforceable. Moreover, Lyons' challenge to the reasonableness of his sentence falls within the waiver's scope.

Accordingly, we grant in part the Government's motion to dismiss and dismiss the appeal of the sentence, and we deny in part the Government's motion and affirm Lyons' convictions. In accordance with *Anders*, we have reviewed the record and have found no meritorious grounds for appeal that fall outside the scope of the waiver. This court requires that counsel inform Lyons, in writing, of the right to petition the Supreme Court of the United States for further review. If Lyons requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this

4

court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lyons.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*